UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARIO PENA,                                    **DECISION AND ORDER**

                                               **Civil Case**
                    Movant,                    **No. 1:13-cv-00947-MAT**

          -vs-                                 **Criminal Case**
                                               **No. 1:11-cr-00381-MAT**

UNITED STATES OF AMERICA,

                    Respondent.

_____

### INTRODUCTION

Proceeding <u>pro se</u>, Mario Pena ("Pena" or "Movant") has filed
a Motion to Vacate the Sentence (Dkt #171) pursuant to 28 U.S.C.
§ 2255 ("Section 2255").

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 18, 2012, Movant appeared with his attorney,
Michael D'Amico, Esq. ("Defense Counsel") before Hon. Richard J.
Arcara, United States District Judge, and entered a plea of guilty
to Count 1 of Indictment 11-CR-381, which charged a violation of
21 U.S.C. § 846. Pursuant to paragraph 8(a) of the Plea Agreement,
Respondent and Movant agreed that the two-level increase pursuant
to United States Sentencing Guidelines ("Guidelines") § 2D1.1(b)(1)
(possession of a dangerous weapon) applied. Movant's advisory
Guidelines sentencing range was calculated to be 41 to 51 months.
Also in the Plea Agreement, Movant "knowingly waive[d] the right to
appeal and collaterally attack any component of a sentence imposed
by the Court which falls within or is less than the sentencing

range for imprisonment, a fine, and supervised release set forth in Section III, ¶12, above, notwithstanding the manner in which the Court determines the sentence." (Resp't Ex. A, p. 9). Movant and Defense Counsel both signed the Plea Agreement.

On May 21, 2013, Movant was sentenced principally to a term of 46 months' imprisonment in the custody of the Federal Bureau of Prisons ("BOP"), to be followed by six years of supervised release (Dkt #158).

In his pro se Section 2255 motion (Dkt #171) filed September 16, 2013, Movant argues that Defense Counsel was ineffective for failing to advise him of the applicability of the two-level increase pursuant to Guidelines § 2D1.1(b)(1) for possessing a dangerous weapon during the course of commission of the crime of conviction. Respondent filed a response (Dkt #182) to the Section 2255 motion. Movant did not file a reply.

On or about December 11, 2014, Movant filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt #231) based on a retroactive amendment to the Guidelines. In an Order (Dkt #246) dated October 26, 2015, Judge Arcara granted the motion, reducing Movant's 46-month sentence to 37 months. The Order further stated that if Movant had already served 37 months in prison as of November 2, 2015, his sentence was to be reduced from 37 months to "time served" as of November 2, 2015.

-2-

The Section 2255 motion was transferred to the undersigned on December 1, 2016. For the reasons discussed below, the Section 2255 Motion is denied as moot.

## SECTION 2255

Section 2255 provides, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court may dismiss a Section 2255 motion without a hearing if the motion and the record "conclusively show[,]" id., that the movant is not entitled to relief. See, e.g., Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001) (district court was not required to hold full testimonial hearing before deciding federal prisoner's motion to vacate where prisoner made only general allegation, and record was supplemented by detailed affidavit from trial counsel credibly describing circumstances concerning prisoner's failure to testify).

## DISCUSSION

Article III, Section 2 of the United States Constitution limits the exercise of Federal judicial power to "cases" and

"controversies." U.S. CONST. art. III, § 2. This "case-or-controversy" requirement "underpins both [the Supreme Court's] standing and . . . mootness jurisprudence." Friends of the Earth v. Laidlaw Envtl. Servs., 528 U.S. 167, 180 (2000).

In order to satisfy Article III's standing requirements, a plaintiff must make a three-part showing. First, he most demonstrate a concrete and particularized "injury in fact" that is actual or imminent, not conjectural or hypothetical. Id. at 180-81 (citation omitted). Second, the injury in fact must be "fairly traceable to the challenged action of the defendant[.]" Id. Third, the plaintiff must demonstrate that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id.

The burden rests on the party seeking the exercise of jurisdiction to allege, with clarity, facts demonstrating the propriety of his invocation of judicial power to resolve the dispute. Spencer v. Kemna, 523 U.S. 1, 11 (1998). "In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." United States v. Mercurris, 192 F.3d 290, 293 (2d Cir.1999) (citing Spencer, 523 U.S. at 7). As a general rule, then, if something occurs during the trial-level or appellate proceedings "that makes it impossible for the court to grant any effectual relief whatever to a prevailing

-4-

party, the [case] must be dismissed." <u>Church of Scientology v. United States</u>, 506 U.S. 9, 12 (1992) (quotation marks and citation omitted)). While the Government has not argued that Beaver's Section 2255 motion is moot, this Court has "an independent obligation to ensure that developments in the case have not rendered the [case] moot." <u>United States v. Williams</u>, 475 F.3d 468, 479 (2d Cir. 2007) (citation omitted).

A criminal case does not necessarily become moot when the inmate completes his sentence. <u>United States v. Mercurris</u>, 192 F.3d 290, 293 (2d Cir. 1999). Instead, "the case will remain a live case or controversy if there exists 'some concrete and continuing injury' or 'collateral consequence' resulting from the conviction." <u>Id.</u> (quotation omitted). In cases involving a challenge to the criminal conviction itself, the Supreme Court "has been willing to presume the existence of" sufficient collateral consequences, or to "count collateral consequences that are remote and unlikely to occur." <u>Id.</u> (quotations and internal quotation marks omitted).

In <u>Mercurris</u>, the defendant did not contest his underlying conviction, and instead challenged only a Guidelines sentencing enhancement that had been applied to him. During the pendency of his appeal, Mercurris completed his prison term and was deported. The Second Circuit declined to presume the existence of collateral consequences when a defendant challenges an already completed sentence; comparable civil disabilities generally do not arise from

the length of a sentence, as opposed to an actual conviction. Mercurris, 192 F.3d at 293-94 ("Mercurris does not proffer, nor are we aware of any civil disabilities which attend the longer sentence he served as a result of the district court's application of the aggravated felony enhancement. Accordingly, we decline to adopt a presumption of collateral consequences.") (citing Spencer v. Kemna, 523 U.S. 1, 14 (1998) (declining to extend the presumption to a case involving a habeas petitioner's challenge to a parole revocation where the petitioner had finished serving his entire sentence)).

Here, as in Mercurris, Movant's challenge is solely to the length of his sentence. Therefore, the Court is foreclosed from presuming the existence of collateral consequences. There being no presumption of collateral consequences, Movant bears the burden of demonstrating some "concrete and continuing injury" sufficient to create an Article III case or controversy. Mercurris, 192 F.3d at 294 (quotation and citation omitted). However, Movant has not made such a showing. Furthermore, with Movant's release from custody, there is no effectual relief that can be granted to him by this Court. Accordingly, the Court will deny as moot Movant's request for relief under Section 2255.

## CONCLUSION

For the reasons discussed above, the Court **denies as moot** the Section 2255 motion (Dkt #171). The Clerk of Court is directed to

close this case and to send a copy of this Decision and Order to
Movant.

     **SO ORDERED.**

                                **s/ Michael A. Telesca**

                           HON. MICHAEL A. TELESCA
                   United States District Judge

Dated:     December 5, 2016
             Rochester, New York.